# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ERIC FLORES,

               Petitioner,     :     Case No. 3:15-cv-381

                                               District Judge Walter Herbert Rice
   -  vs  -                              Magistrate Judge Michael R. Merz

LORETTA LYNCH, Attorney General
 of the United States, et al.,

               Respondents.    :

## REPORT AND RECOMMENDATIONS

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. 28 U.S.C. § 1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from
> such relief.

1

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989).  In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one:  does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984).  The Court  "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Dismissal is permitted under § 1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

This is the fourth lawsuit Plaintiff has filed in this Court against the Attorney General of the United States.  Prior cases are *Flores v. Attorney General*, Case No. 2:14-cv-084; *Flores v. Attorney General,* Case No. 3:14-cv-037; and *Flores v. Attorney General,* Case No. 2:15-cv-1207.  In the first of these cases to reach judgment, Magistrate Judge Michael Newman recommended that the action be dismissed as frivolous and noted its similarity to many prior cases filed by plaintiff across the country.  *Flores v. United States Attorney General,* 2014 U.S. Dist. LEXIS 17141 (S.D. Ohio Feb. 11, 2014)   Flores made no objections to the

recommendations and they were adopted by District Judge Rice. *Flores v. United States Attorney General,* 2014 U.S. Dist. LEXIS 28432 (Mar. 3, 2014).  Flores did not appeal.

... [W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."  *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1877).  The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.  *Commissioner v. Sunnen*, 333 U.S. 591, 68 S. Ct. 715, 92 L. Ed. 898 (1948), diverged from in *Montana v. United States*, 440 US. 147 (1979).

*Res judicata* "extinguishes 'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the cause of action arose.'" *Hamilton's Bogarts, Inc., v. Michigan,* 501 F. 3d 644 (6th Cir. 2007), quoting *Walker v. General Tel. Co., 25* F. App'x 332, 336 (6th Cir. 2001).

Claim preclusion prohibits "'the parties or their privies from religitating issues that were raised or could have been raised' in a prior action." *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995)(quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).  To find claim preclusion, there must be: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action."  *Id.*; *Blakely v. United States,* 276 F.3d 853 (6th Cir. 2002), citing *Ortiz-Cameron v. Drug Enforcement Admin.*, 139 F. 3rd 4,5 (1st Cir, 1998).

Under the doctrine of claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Rivet v. Regions Bank of La.,* 522 U.S. 470, 476, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998) (alteration in original) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981)).

The claims made by Plaintiff in this action are materially identical to those made in the case adjudicated by Judges Newman and Rice. They are therefore barred by *res judicata.* It is accordingly respectfully recommended that this case be dismissed with prejudice.

October 19, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).